Smith, before the death of either or both of the devisees, Julia A. and Elizabeth A. Lane. Nor is any disposition made to meet the possible contingency of the marriage of both devisees. Under the circumstances, the title to the premises in suit is in doubt, and it would not be just to compel the defendants to take such a title. There are possible contingencies that might involve defendants in future litigation with persons not parties to this action. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ. Settle order on notice.

THE UNION AND NEW HAVEN TRUST COMPANY, Respondent, v. FEGA REZA SHAMBROM and Others, Defendants, Impleaded with LOUIS GOLDMAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

*Decisions by the Presiding Justice on Applications to Appeal from the Appellate Term.*

CASTLETON HOTEL AND REALTY COMPANY, Appellant, v. ARTHUR B. WIDDECOMBE, Respondent.— Application denied.

WILLIAM TIEDEMAN, as Executor, etc., of LOUISE TIEDEMAN, Deceased, Appellant, v. HARRY WOLKOF, Impleaded, etc., Respondent.— Application denied.

ROBERT UNGER and Another, Respondents, v. WILLIAM DOSCHER, Appellant.— Application denied.

MAGNUS SACKS and Another, Appellants, v. LOUIS KORCHIN, Respondent.— I think the learned Appellate Term was right in reversing the judgment but there may be some doubt as to the direction of a verdict for plaintiffs instead of a new trial. Upon this point only I think leave to appeal should be granted. Application granted.

SAMUEL SOSS and Others, Respondents, v. SAMUEL H. OST, Appellant.— Application denied.

SADIE FISCHLER, Respondent, v. LOUIS HALPERIN, Appellant.— Application for leave to appeal from determination of Appellate Term granted, upon condition that defendant within ten days file an undertaking on appeal with corporate surety, conditioned for the payment of the judgment with interest and costs in case of affirmance; otherwise, the application is denied, with ten dollars costs.

---

## THIRD DEPARTMENT, JUNE, 1923.

LEE E. JONES, Respondent, *v.* IVA McMILLAN, Appellant, Impleaded with Others, Defendants.

*Pleadings — bill of particulars — when modified.*

Appeal by the defendant, Iva McMillan, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the Washington county clerk's office on April 2, 1923, directing her to serve a bill of particulars.

PER CURIAM: We think the court in its discretion properly made an order requiring the defendant to furnish a bill of particulars as to the time of day and day of the week and place of the assault. We do not think in view of the answer of the defendant that she is unable to state the exact date in the month of May, 1922, of the assault, that it should be required. Nor do we think the defendant